**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 10-1129

_____

UNITED STATES OF AMERICA

v.

GERTRUDIS RODRIGUEZ-JIMENEZ
a/k/a ANGEL

Gertrudis Rodriguez-Jimenez, Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-07-cr-00352-003)
District Judge: Gene E. K. Pratter

_____

Submitted Under Third Circuit LAR 34.1
April 16, 2012

Before:   VANASKIE, ALDISERT and BARRY, *Circuit Judges*

(Filed: May 25, 2012)

_____

OPINION OF THE COURT

_____

VANASKIE, *Circuit Judge.*

Gertrudis Rodriguez-Jimenez appeals his conviction and sentence, arguing that the

District Court abused its discretion in (1) denying his motion to withdraw his guilty plea,

(2) deciding that he did not qualify for the "safety valve" relief set forth in U.S.S.G. § 5C1.2(a)(1)-(5) and 18 U.S.C. § 3553(f)(1)-(5) in setting his advisory range of imprisonment, and (3) sentencing him to 152 months of imprisonment. We reject each of Rodriguez-Jimenez's arguments and will affirm.

I.

We write primarily for the parties, who are familiar with the facts and procedural history of this case. Accordingly, we set forth only those facts necessary to our analysis.

On July 16, 2008, a grand jury sitting in the Eastern District of Pennsylvania returned a second superseding indictment against Rodriguez-Jimenez, charging him with conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; distribution of and aiding and abetting the distribution of 50 or more grams of methamphetamine, in violation of § 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2; unlawful use of a communication facility, in violation of 21 U.S.C. § 843(b); and distribution of 500 grams or more of methamphetamine, in violation of § 841(a)(1) and (b)(1)(A). The second superseding indictment charged multiple defendants and contained sixteen counts, but only counts one, four, twelve, fourteen, and sixteen accused Rodriguez-Jimenez of criminal conduct. The District Court scheduled trial for May 8, 2009.

On the date set for trial, Rodriguez-Jimenez pled guilty. The District Court conducted a lengthy plea colloquy, during which Rodriguez-Jimenez testified that he understood that he was "under oath" and had "to tell . . . the truth." (S.A. 3.) Rodriguez-Jimenez also testified that he understood that "the Government [did] not ma[k]e any kind

2

of a deal with [him] in exchange for [his] . . . plea," (S.A. 5), that he was satisfied with his representation, and that no individual "threatened [him] or coerced [him] or forced [him] in any way to plead guilty." (S.A. 15.) The District Court also reviewed the facts of the underlying conduct, and Rodriguez-Jimenez agreed that they were correct. Following the review of the facts, the District Court asked Rodriguez-Jimenez if he understood that it would consider the Sentencing Guidelines in sentencing him and that he would "be stuck with [his] guilty plea," even if he received a lengthier prison term than he expected. (S.A. 13.) Rodriguez-Jimenez testified that he understood, and the District Court accepted his plea.

Before his sentencing hearing, however, Rodriguez-Jimenez moved to withdraw his guilty plea. At the evidentiary hearing on the motion to withdraw his plea, he testified that he was innocent and that he always intended to go to trial, but that he decided to plead guilty at the last minute due to various alleged misconduct and misrepresentations by the Government and by his attorney. First, he testified that the prosecutor "told [him] that if [he] went to trial[,] that [the Government] was going to pick a special jury[,] and that [he] wouldn't have an opportunity" to prevail. (S.A. 36.) He also testified that the prosecutor promised him that his sentence would not exceed forty-five months, and that his wife feared for her safety because "some agents went to [her] . . . work to look for her." (S.A. 37.) Finally, he testified that one of his attorneys "told [him] that the judge is paid by the government[,] and that the judge would be on the side of the government." (S.A. 39.)

3

Rodriguez-Jimenez's attorney denied making any statement suggesting District Court bias in favor of the Government. Likewise, Bruce Muhlberger, the agent that Rodriguez-Jimenez claimed visited his wife at her workplace, testified that he went to Rodriguez-Jimenez's wife's workplace to attempt to return confiscated property to her, but that she was not at work when he arrived and that he did not threaten her. Another agent testified that Rodriguez-Jimenez's wife called him several times, and that she did not "seem at all frightened or concerned that she was talking to a law enforcement officer" during the calls. (S.A. 83.)

The District Court denied Rodriguez-Jimenez's motion to withdraw his guilty plea, finding "Rodriguez-Jimenez's presentation meager and disingenuous at best." *United States v. Rodriguez-Jimenez*, No. 2-07-cr-00352-003, 2010 U.S. Dist. LEXIS 2598, at \*8 (E.D. Pa. Jan. 12, 2010). The District Court noted that Rodriguez-Jimenez "provided no record facts" in support of his claim of innocence, and that "[h]is excuses for having taken numerous contradictory positions under oath at his guilty plea hearing as compared to his new story [in seeking to withdraw his guilty plea] were . . . unpersuasive and disrespectful." *Id.*

On December 18, 2009, the District Court held Rodriguez-Jimenez's sentencing hearing. In determining Rodriguez-Jimenez's total offense level, the District Court decided that Rodriguez-Jimenez was not entitled to safety valve relief pursuant to U.S.S.G. § 5C1.2(a)(1)-(5) and 18 U.S.C. § 3553(f)(1)-(5), or to a downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). While the District Court did not comment specifically on why it denied safety valve relief, the Government

4

argued that Rodriguez-Jimenez was not entitled to invoke the safety valve provision because he had not provided truthful information to the Government about his involvement in the case, a prerequisite for application of the safety valve under § 3553(f)(5) and § 5C1.2(a)(5). In particular, the Government contended that although Rodriguez-Jimenez had relevant information, such as how he obtained the methamphetamine that he helped to distribute, he never provided truthful information to the Government during any of his four proffer sessions.

The District Court then determined that Rodriguez-Jimenez's total offense level was thirty-four and that his criminal history category level was one, resulting in a Sentencing Guidelines range of between 151 and 188 months of imprisonment.[1] After hearing testimony and weighing the 18 U.S.C. § 3553(a) factors, the District Court sentenced Rodriguez-Jimenez to 152 months of imprisonment.

II.

The District Court had jurisdiction under 18 U.S.C. § 3231, and we have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review a district court's order denying a motion to withdraw a guilty plea for abuse-of-discretion. *See United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003) (citing *United States v. Harris*, 44 F.3d

---

[1] Had Rodriguez-Jimenez qualified for safety valve relief, he would have received a two-point downward adjustment to his offense level, resulting in a total offense level of thirty-two. *See* U.S.S.G. § 2D1.1(b)(16). This offense level reduction would have resulted in a Sentencing Guidelines range of 121 to 151 months of imprisonment. Additionally, Rodriguez-Jimenez's sentence was subject to a ten-year mandatory minimum under 21 U.S.C. § 841(b)(1)(A). Had he received safety valve relief, the District Court would have been free to impose a sentence below the mandatory minimum. *See* 18 U.S.C. § 3553(f).

1206, 1210 (3d Cir. 1995)).  We review the district court's sentencing decision for abuse-of-discretion, assessing whether the district court committed a "significant procedural error" and "the substantive reasonableness of the sentence."  *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)).  If the district court committed no procedural error, "we will affirm [the district court's sentence] unless no reasonable sentencing court would have imposed the same sentence on th[e] particular defendant for the reasons the district court provided."  *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009) (en banc).

A.

Rodriguez-Jimenez's challenge to the denial of his motion to withdraw his guilty plea rests primarily on his claim that he is innocent and always intended to go to trial, but that he decided to plead guilty at the last minute because he was "under a great deal of pressure."  (Appellant's Br. at 5.)  Under Federal Rule of Criminal Procedure 11(d)(2)(B), a defendant must demonstrate "a fair and just reason" to withdraw his or her guilty plea after the district court has accepted the plea.  The relevant factors for determining if the withdrawal of a guilty plea is fair and just are "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal."  *Jones*, 336 F.3d at 252 (citations omitted).

If the defendant relies on his or her innocence, the defendant's claim of innocence "must be buttressed by facts in the record."  *United States v. Brown*, 250 F.3d 811, 818 (3d Cir. 2001) (quoting *United States v. Salgado-Ocampo*, 159 F.3d 322, 326 (7th Cir.

6

1998)). "Bald assertions of innocence . . . are insufficient to permit a defendant to withdraw her guilty plea." *Id.* (citing *Salgado-Ocampo*, 159 F.3d at 326). Furthermore, the defendant must "give sufficient reasons to explain why contradictory positions were taken before the district court." *Jones*, 336 F.3d at 253 (quoting *United States v. Jones*, 979 F.2d 317, 318 (3d Cir. 1992)).

We agree with the District Court that Rodriguez-Jimenez has not met his burden of demonstrating "a fair and just reason" for withdrawing his plea under Federal Rule of Criminal Procedure 11(d)(2)(B). Most importantly, Rodriguez-Jimenez relies almost entirely on his claim of innocence, but he fails to provide any record evidence supporting his claim. His argument thus amounts to nothing more than a bald assertion of innocence, which does not entitle him to withdraw his plea.

Moreover, we find no error in the District Court's determination that Rodriguez-Jimenez did not reconcile his prior inconsistent statements at his plea hearing with his statements in connection with his motion to withdraw his guilty plea. Both Rodriguez-Jimenez's allegations of misrepresentations by the prosecution and by his attorney and his claim that agents threatened his wife directly contradicted his prior sworn testimony at his plea hearing that he knew that he had no guaranteed sentence and that his plea was not coerced. Rodriguez-Jimenez makes little attempt on appeal to explain these inconsistencies.[2] Accordingly, we reject Rodriguez-Jimenez's argument that the District Court should have permitted him to withdraw his plea.

---

[2] Rodriguez-Jimenez suggested at his hearing on his motion to withdraw his guilty plea that his claim that agents threatened his wife was consistent with his prior testimony

7

B.

Rodriguez-Jimenez next argues that the District Court abused its discretion in declining to apply the safety valve relief set forth in § 5C1.2(a)(1)-(5) and § 3553(f)(1)-(5) during his sentencing.  The safety valve provision permits the district court to impose a sentence below the statutory minimum and to grant a two-point downward adjustment pursuant to U.S.S.G. § 2D1.1(b)(16) if the defendant satisfies five criteria.[3] *See* § 3553(f)(1)-(5); § 5C1.2(a)(1)-(5).  One of the five criteria requires the defendant to show that he or she "has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan."  § 3553(f)(5); § 5C1.2(a)(5).  However, "the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement."  § 3553(f)(5); § 5C1.2(a)(5).

Although not disputing the Government's assertion that he failed to provide truthful information to the Government, Rodriguez-Jimenez contends that he is

---

that his plea was not coerced because the agents threatened his wife rather than him.  He did not, however, raise this argument on appeal.  Further, we find no error in the District Court's determination that Rodriguez-Jimenez's testimony on this point was "unpersuasive," because two agents' testimony contradicted Rodriguez-Jimenez's allegation. *United States v. Rodriguez-Jimenez*, No. 2-07-cr-00352-003, 2010 U.S. Dist. LEXIS 2598, at *8 (E.D. Pa. Jan. 12, 2010).

[3] The District Court applied the November 1, 2008 edition of the Sentencing Guidelines.  Under the November 1, 2008 edition, the two-point downward adjustment presently found in U.S.S.G. § 2D1.1(b)(16) was found in U.S.S.G. § 2D1.1(b)(11).  The language, however, remains identical.

nonetheless entitled to safety valve relief because the Government already had all of the relevant information that he could have provided. He also asserts that "the Government, at [the] time of sentencing, never made any showing that [he] had information which he could share." (Appellant's Br. at 15.)

The Government explained during the sentencing hearing that Rodriguez-Jimenez attended four proffer sessions, but rather than providing truthful information at these sessions, he "deliberately put obstacles in place so that he would not have to reveal the information that [the Government] [was] seeking." (S.A. 167.) For example, although he plainly had relevant information about how he obtained the methamphetamine that he was helping to distribute, he refused to provide that information to the Government. The Government noted at sentencing that the source of the methamphetamine was important information that, as of the time of sentencing, the Government still had not discovered. Accordingly, because Rodriguez-Jimenez had information that he refused to disclose, he is not entitled to safety valve relief.

C.

Finally, Rodriguez-Jimenez argues that his sentence of 152 months of imprisonment is unreasonable because "[t]he guidelines, as finally calculated, . . . inflate the seriousness of the sentence that should have been imposed." (Appellant's Br. at 19.) Specifically, he argues that although he pled guilty and spared the Government the

9

burden of a trial, he received no adjustment for acceptance of responsibility, resulting in an unnecessarily high Sentencing Guidelines range.[4]

In assessing whether a sentence is reasonable, we consider the Sentencing Guidelines as "the starting point and the initial benchmark." *Gall*, 552 U.S. at 49. We then consider "whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc) (citations omitted). If the district court appropriately considered the § 3553(a) factors, we "give[] [the] district court[] broad latitude in sentencing." *United States v. Levinson*, 543 F.3d 190, 195 (3d Cir. 2008).

We find no abuse of discretion in the District Court's decision to sentence Rodriguez-Jimenez to 152 months of imprisonment. The District Court properly calculated the Sentencing Guidelines range and imposed a sentence near the bottom of that range. Moreover, the parties do not dispute that the District Court gave due consideration to the sentencing factors under § 3553(a). The fact that Rodriguez-Jimenez sought to withdraw his guilty plea and baldly asserted his innocence is certainly inconsistent with acceptance of responsibility. And while he may have spared the Government a trial on the merits, he forced the Government to proceed to a hearing to defeat his motion to withdraw his guilty plea. As the District Court so aptly pointed out in explaining why it selected a sentence of 152 months, Rodriguez-Jimenez displayed an

---

[4] Rodriguez-Jimenez also asserts that his sentence is unreasonable because the District Court declined to apply the safety valve provision. Aside from the argument that we addressed in Section II(B) *supra*, however, Rodriguez-Jimenez fails to explain how this resulted in an unreasonable sentence.

10

"attitude of disrespect for the solemnity and integrity of this [criminal justice] system, . . . lack of remorse, and . . . [an] undeveloped sense of personal accountability." (S.A. 189.) In light of these determinations, Rodriguez-Jimenez's argument that the District Court did not give adequate weight to his decision to plead guilty is unavailing.

## III.

For the foregoing reasons, we will affirm the District Court's judgment.